STROOCK & STROOCK & LAVAN LLP
180 MAIDEN LANE
NEW YORK, NEW YORK 10038
(212) 806-5400
*Attorneys for Defendants Fifth on the Park Condo, LLC, Eytan Benyanin, and Robert Ezrapour*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|   |   |
|---|---|
| LOLA BODANSKY, | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | :  No. 09 CV 4651 (DLC) |
|  | : |
| FIFTH ON THE PARK CONDO, LLC, | : |
| EYTAN BENYANIN and | :  **ANSWER** |
| ROBERT EZRAPOUR, | : |
|  | : |
| Defendants. | : |
|  | : |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Fifth on the Park Condo, LLC, Eytan Benyanin, and Robert Ezrapour (collectively "Defendants") by their attorneys Stroock & Stroock & Lavan LLP, for their Answer to the Complaint (the "Complaint") filed by Plaintiff Lola Bodansky ("Bodansky" or "Plaintiff"), respond and allege as follows:

    1.  Deny the allegations of Paragraph 1 of the Complaint, except refer to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.* (the "Act"), the regulations, 24 C.F.R § 1700 *et seq.* (the "Regulations"), and the HUD Guidelines, 61 Fed. Reg. 13596 *et seq.* (the "Guidelines"), for their true, correct and complete contents, and admit that Plaintiff purports to premise this lawsuit on those Federal statutes.

1

2. With respect to the allegations in Paragraph 2 of the Complaint, admit that Plaintiff seeks to premise subject matter jurisdiction on the various Sections of Title 15 of the U.S. Code, but deny that Plaintiff has stated a claim against Defendants.

3. With respect to the allegations in Paragraph 3 of the Complaint, admit that Plaintiff seeks to premise personal jurisdiction on various State and Federal provisions and that Defendants are subject to this Court's jurisdiction.

4. With respect to the allegations in Paragraph 4 of the Complaint, admit that Plaintiff seeks to premise venue on various sections of Title 28 of the U.S. Code and that venue is proper in this District.

5. With respect to the allegations in Paragraph 5 of the Complaint, Defendants state that they do not have knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Deny the allegations in Paragraph 6 of the Complaint, except aver that Defendant Fifth on the Park Condo, LLC is a limited liability company of Delaware.

7. Deny the allegations in Paragraph 7 of the Complaint, except admit that Defendant Fifth on the Park Condo, LLC maintains an office at 37 West 65th Street, New York, NY 10023.

8. Paragraph 8 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants aver that Eytan Benyanin is a manager of Fifth Equities, LLC, the managing member of Developer.

9. Paragraph 9 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants aver that Robert Ezrapour is a manager of Fifth Equities, LLC, the managing member of Developer.

10. Deny the allegations in Paragraph 10 of the Complaint, except refer to the Condominium Offering Plan in a Condominium known as Fifth on the Park Condominium, dated April 5, 2007, as amended (the "Offering Plan"), for its true, correct and complete contents.

11. Paragraph 11 of the Complaint purports to state legal conclusions as to which no response is required.

12. Admit the allegations in Paragraph 12 of the Complaint.

13. Admit the allegations in Paragraph 13 of the Complaint.

14. Deny the allegations in Paragraph 14 of the Complaint, except admit that the Condominium contains more than 99 units, and that, pursuant to the Offering Plan, more than 99 units were offered for sale.

15. Paragraph 15 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants deny the allegations, except refer to the Offering Plan for its true, correct and complete contents.

16. Deny the allegations in Paragraph 16 of the Complaint, except refer the Offering Plan for its true, correct and complete contents.

17. Deny the allegations in Paragraph 17 of the Complaint, except refer the Offering Plan for its true, correct and complete contents, and aver that at the time that the parties executed the Purchase Agreement less than 99 units had been sold.

18. Deny the allegations in Paragraph 18 of the Complaint.

19. Deny the allegations in Paragraph 19 of the Complaint, except admit that Defendant Fifth on the Park Condo, LLC has used the United States Postal Service, electronic means of data and voice communication and non-governmental overnight courier services in connection with its sales of units at the Condominium.

20. Admit the allegations in Paragraph 20 of the Complaint.

21. Deny the allegations in Paragraph 21, except admit that the website www.5thonthepark.com was used from or about May 2007 to, *inter alia*, market units at the Condominium that were available for sale.

22. Deny the allegations in Paragraph 22, except admit that the website www.5thonthepark.com was used from or about May 2007 to, *inter alia*, respond to inquiries about the Condominium.

23. Admit the allegations in Paragraph 23 of the Complaint.

24. Deny the in Paragraph 24 of the Complaint, except admit that Plaintiff signed the Purchase Agreement on November 16, 2007 and Defendant Fifth on the Park Condo, LLC signed the Purchase Agreement on January 8, 2008, and refer to the Purchase Agreement for its true, correct and complete contents.

25. Deny the allegations in Paragraph 25 of the Complaint, except admit that Plaintiff issued two separate checks payable to "Hartman & Craven LLP – Attorney Trust for Fifth on the Park", the first check was for $71,520.00, and the second check was for $73,682.27, which funds are held in escrow.

26. Paragraph 26 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants deny the allegations in Paragraph 26 of the Complaint, except refer to the Act, Regulations, and Guidelines for their true, correct and complete contents.

27. Paragraph 27 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants deny the

allegations in Paragraph 27 of the Complaint, except refer to the Act for its true, correct and complete contents.

28. Deny the allegations in Paragraph 28 of the Complaint.

29. Deny the allegations in Paragraph 29 of the Complaint, except admit that at the time the Purchase Agreement was executed, pursuant to the terms of the Offering Plan, Developer offered for sale over ninety nine (99) units at the Condominium.

30. Admit the allegations in Paragraph 30 of the Complaint.

31. Admit the allegations in Paragraph 31 of the Complaint.

32. Admit the allegations in Paragraph 32 of the Complaint.

33. Admit the allegations in Paragraph 33 of the Complaint.

34. Deny the allegations in Paragraph 34 of the Complaint, except refer to the Purchase Agreement for its true, correct and complete contents.

35. Admit the allegations in Paragraph 35 of the Complaint.

36. Admit the allegations in Paragraph 36 of the Complaint.

37. Admit the allegations in Paragraph 37 of the Complaint.

38. Admit the allegations in Paragraph 38 of the Complaint.

39. Admit the allegations in Paragraph 39 of the Complaint, and aver that the Developer had the option to revise the form of purchase agreement upon duly submitted and approved amendments to the Offering Plan.

40. Deny the allegations in Paragraph 40 of the Complaint.

41. Admit the allegations in Paragraph 41 of the Complaint.

42. Deny the allegations in Paragraph 42 of the Complaint, except refer to the Purchase Agreement for its true, correct and complete contents.

43. Admit the allegations in Paragraph 43 of the Complaint (assuming that "deal" was meant to be "deed").

44. Admit the allegations in Paragraph 44 of the Complaint.

45. Admit the allegations in Paragraph 45 of the Complaint.

46. Admit the allegations in Paragraph 46 of the Complaint.

47. Deny the allegations in Paragraph 47 of the Complaint.

48. Admit the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint purports to state legal conclusions as to which no response is required.

50. Deny the allegations in Paragraph 50 of the Complaint, except admit that Defendants did not receive any form of ruling from HUD and aver that there is no requirement to obtain "a substantial compliance exemption from HUD."

51. Deny the allegations in Paragraph 51 of the Complaint, except admit that Defendants did not receive any form of ruling from HUD and aver that there is no requirement to obtain "a no-action letter from HUD."

52. Paragraph 52 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Deny the allegations in Paragraph 53 of the Complaint, except refer to the Act for its true, correct and complete contents.

54. Deny the allegations in Paragraph 54 of the Complaint, except refer to the Purchase Agreement for its true, correct and complete contents.

55. Deny the allegations in Paragraph 55 of the Complaint, except refer to the Act and Regulations for its true, correct and complete contents.

56. Admit the allegations in Paragraph 56 of the Complaint, except aver Developer was not required to file a Statement of Record with HUD.

57. Admit the allegations in Paragraph 57 of the Complaint, except aver that Developer was not required to provide a HUD Property Report to Plaintiff.

58. Deny the allegations in Paragraph 58 of the Complaint, except refer to the Act for its true, correct and complete contents.

59. Deny the allegations in Paragraph 59 of the Complaint, except refer to the Purchase Agreement for its true, correct and complete contents.

60. Paragraph 60 purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Deny the allegations in Paragraph 63 of the Complaint, except admit that Defendant Fifth on the Park Condo, LLC received the April 29, 2009 letter referred to therein, and refer to that April 29, 2009 for its correct and complete contents.

64. Deny the allegations in Paragraph 64 of the Complaint, except admit that Defendant Fifth on the Park Condo, LLC received the April 29, 2009 letter referred to in Paragraph 63 of the Complaint and refer to that April 29, 2009 letter for its correct and complete content.

65. Deny the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants hereby incorporate and reallege their responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

68. Deny the allegations in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendants deny the allegations in Paragraph 69 of the Complaint.

70. No response is required to Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without in any way admitting any of the allegations of the Complaint, and without admitting or suggesting that they bear the burden of proof on any of the following issues, Defendants allege the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

71. Plaintiff has failed state a claim against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

72. Plaintiff's claim is barred by the terms of the Act, the Regulations, and/or the Guidelines.

## THIRD AFFIRMATIVE DEFENSE

73. Defendants are exempt from complying with the Act in connection with its development of the building situated at 1485 Fifth Avenue, New York, New York and/or with the apartment unit that is the subject of Plaintiff's Complaint by reason of, *inter alia*, 15 U.S.C. § 1702(b)(1) and 24 CFR 1710.6.

## FOURTH AFFIRMATIVE DEFENSE

74. Because Plaintiff seeks an equitable remedy, Plaintiff's claim is barred by her unfair and/or improper conduct.

## FIFTH AFFIRMATIVE DEFENSE

75. Plaintiff's claim is barred by the doctrines of unclean hands, unjust enrichment, bad faith and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

76. Plaintiff's claim is barred by the doctrines of laches, waiver and/or acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claim is barred because Defendants have substantially complied with the Act; because Defendants disclosed information the Plaintiff that is at least substantially equivalent to the information required to be disclosed by the Act; and/or because New York's laws and regulations provide sufficient protection for Plaintiff with respect to the matter to which the Act requires disclosure.

### EIGHTH AFFIRMATIVE DEFENSE

78. Plaintiff is not entitled to attorneys' fees, costs or penalties of any kind, or any other form of damages from Defendants under the claim alleged and/or under the relevant portions of the Act, the Regulations, or the Guidelines.

### NINTH AFFIRMATIVE DEFENSE

79. Defendants Benyanin and Ezrapour are not proper defendants for the relief sought in the Complaint and are improperly sued herein.

**WHEREFORE**, Defendants respectfully request judgment in their favor and against Plaintiff:

(a) denying Plaintiff's claim and dismissing the Complaint against Defendants with prejudice;

(b) awarding Defendants their costs, reasonable attorneys' fees and disbursements in this action; and

(c) granting such other and further relief as this Court deems just.

Dated: New York, New York
       July 10, 2009

        STROOCK & STROOCK & LAVAN LLP

        By: s/ Daniel A. Ross
            Daniel A. Ross
            Sandra Rampersaud
        180 Maiden Lane
        New York, New York 10038-4982
        (212) 806-5400

        Attorneys for Defendants Fifth on the Park Condo,
        LLC, Eytan Benyanin, and Robert Ezrapour

TO:
Lawrence C. Weiner, Esq.
Alan Wasserman, Esq.
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, NJ 07095

Attorneys for Plaintiff Lola Bodansky