Case 1:09-cv-04651-DLC   Document 17-6   Filed 12/18/2009   Page 1 of 2

Sec.
1709. Civil liabilities.
    (a) Suit for untrue statement or omission to state material fact in statement of record.
    (b) Suit for sale or lease in violation of section 1703 of this title or by means of property report containing untrue statement or omission to state material fact.
    (c) Damages recoverable.
    (d) Contribution.
    (e) Amount recoverable.
1710. Review of orders; jurisdiction; procedure; conclusiveness of findings; additional evidence; modification of findings by Secretary; stay.
1711. Limitation of actions.
1712. Contrary stipulations void.
1713. Additional remedies.
1714. Investigations, injunctions, and prosecution of offenses.
    (a) Permanent or temporary injunction or restraining order; jurisdiction.
    (b) Investigations; publication of information concerning violations.
    (c) Oaths and affirmations; subpena power.
    (d) Contempt; court order requiring attendance and testimony of witnesses; jurisdiction.
1715. Administration; delegation of functions, duties and powers; hearing officers; appeals from decisions; public hearings; record of hearings.
1716. Unlawful representations.
1717. Penalties for violations.
1718. Rules, regulations, and orders.
1719. Jurisdiction of offenses and suits.
1720. Authorization of appropriations.

## § 1701. Definitions

For the purposes of this chapter, the term—
(1) "Secretary" means the Secretary of Housing and Urban Development;
(2) "person" means an individual, or an unincorporated organization, partnership, association, corporation, trust, or estate;
(3) "subdivision" means any land, located in any State or in a foreign country, which is divided or proposed to be divided into fifty or more lots, whether contiguous or not, for the purpose of sale or lease as part of a common promotional plan and where subdivided land is offered for sale or lease by a single developer, or a group of developers acting in concert, and such land is contiguous or is known, designated, or advertised as a common unit or by a common name such land shall be presumed, without regard to the number of lots covered by each individual offering, as being offered for sale or lease as part of a common promotional plan;
(4) "developer" means any person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots in a subdivision;
(5) "agent" means any person who represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision; but shall not include an attorney at law whose representation of another person consists solely of rendering legal services;
(6) "blanket encumbrance" means a trust deed, mortgage, judgment, or any other lien or encumbrance, including an option or contract to sell or a trust agreement, affecting a subdivision or affecting more than one lot offered within a subdivision except that such term shall not include any lien or other encumbrance arising as the result of the imposition of any tax assessment by any public authority;
(7) "interstate commerce" means trade or commerce among the several States or between any foreign country and any State;
(8) "State" includes the several States, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States;
(9) "purchaser" means an actual or prospective purchaser or lessee of any lot in a subdivision;
(10) "offer" includes any inducement, solicitation, or attempt to encourage a person to acquire a lot in a subdivision.

(Pub. L. 90-448, title XIV, § 1402, Aug. 1, 1968, 82 Stat. 590; Pub. L. 93-383, title VIII, § 812(a), Aug. 22, 1974, 88 Stat. 736.)

AMENDMENTS

1974—Par. (3). Pub. L. 93-383, § 812(a)(1), added ", located in any State or in a foreign country" following "any land".
Par. (7). Pub. L. 93-383, § 812(a)(2), added "or between any foreign country and any State" following "States".

EFFECTIVE DATE

Section 1422 of Pub. L. 90-448 provided that: "This title [enacting this chapter] shall take effect upon the expiration of two hundred and seventy days after the date of its enactment [Aug. 1, 1968]."

SHORT TITLE

Section 1401 of Pub. L. 90-448 provided that: "This title [enacting this chapter] may be cited as the 'Interstate Land Sales Full Disclosure Act'."

## § 1702. Exemptions

(a) Unless the method of disposition is adopted for the purpose of evasion of this chapter, the provisions of this chapter shall not apply to—
(1) the sale or lease of real estate not pursuant to a common promotional plan to offer or sell fifty or more lots in a subdivision;
(2) the sale or lease of lots in a subdivision, all of which are five acres or more in size;
(3) the sale or lease of any improved land on which there is a residential, commercial, or industrial building, or to the sale or lease of land under a contract obligating the seller to erect such a building thereon within a period of two years;
(4) the sale or lease of real estate under or pursuant to court order;
(5) the sale of evidences of indebtedness secured by a mortgage or deed of trust on real estate;
(6) the sale of securities issued by a real estate investment trust;
(7) the sale or lease of real estate by any government or government agency;
(8) the sale or lease of cemetery lots;
(9) the sale or lease of lots to any person who acquire such lots for the purpose of engaging in the business of constructing residential, commercial, or industrial buildings or for the purpose of resale or lease of such lots to persons engaged in such business;

(10) the sale or lease of real estate which is free and clear of all liens, encumbrances, and adverse claims if each and every purchaser or his or her spouse has made a personal on-the-lot inspection of the real estate which he purchased and if the developer executes a written affirmation to that effect to be made a matter of record in accordance with rules and regulations of the Secretary. As used in this subparagraph, the terms "liens", "encumbrances", and "adverse claims" do not refer to property reservations which land developers commonly convey or dedicate to local bodies or public utilities for the purpose of bringing public services to the land being developed, nor to taxes and assessments imposed by a State, by any other public body having authority to assess and tax property, or by a property owners' association, which, under applicable State or local law, constitute liens on the property before they are due and payable, nor to beneficial property restrictions which would be enforceable by other lot owners or lessees in the subdivision, if (A) the developer, prior to the time the contract of sale or lease is entered into, has furnished each purchaser or lessee with a statement, the form and content of which has been approved by the Secretary, setting forth in descriptive and concise terms all such reservations, taxes, assessments, and restrictions which are applicable to the lot to be purchased or leased, and (B) receipt of such statement has been acknowledged in writing by the purchaser or lessee, and a copy of the acknowledged statement is filed with the Secretary in accordance with such rules and regulations as he may require; or

(11) the sale or lease of real estate which is zoned by the appropriate governmental authority for industrial or commercial development, when—

(A) local authorities have approved access from such real estate to a public street or highway;

(B) the purchaser or lessee of such real estate is a duly organized corporation, partnership, trust, or business entity engaged in commercial or industrial business;

(C) the purchaser or lessee of such real estate is represented in the transaction of sale or lease by a representative of its own selection;

(D) the purchaser or lessee of such real estate affirms in writing to the seller that it either (i) is purchasing or leasing such real estate substantially for its own use or (ii) has a binding commitment to sell, lease, or sublease such real estate to an entity which meets the requirements of subparagraph (B), is engaged in commercial or industrial business, and is not affiliated with the seller or agent; and

(E) a policy of title insurance or title opinion is issued in connection with the transaction showing that title to the real estate purchased or leased is vested in the seller or lessor, subject only to such exceptions as may be approved in writing by such purchaser or the lessee prior to recordation of the instrument of conveyance or execution of the lease, but (i) nothing herein shall be construed as requiring the recordation of a lease, and (ii) any purchaser or lessee may waive, in writing in a separate document, the requirement of this subparagraph that a policy of title insurance or title opinion be issued in connection with the transaction.

(b) The Secretary may from time to time, pursuant to rules and regulations issued by him, exempt from any of the provisions of this chapter any subdivision or any lots in a subdivision, if he finds that the enforcement of this chapter with respect to such subdivision or lots is not necessary in the public interest and for the protection of purchasers by reason of the small amount involved or the limited character of the public offering.

(Pub. L. 90-448, title XIV, § 1403, Aug. 1, 1968, 82 Stat. 590; Pub. L. 91-152, title IV, § 411, Dec. 24, 1969, 83 Stat. 398; Pub. L. 93-383, title VIII, § 812(b), Aug. 22, 1974, 88 Stat. 736.)

AMENDMENTS

1974—Subsec. (a)(11). Pub. L. 93-383 added subsec. (a)(11).

1969—Subsec. (a)(10). Pub. L. 91-152 substituted provisions requiring a personal on-the-lot inspection of the real estate for provisions requiring a personal inspection of the lot and restricted the definition of the terms "liens", "encumbrances", and "adverse claims" so as not to include taxes and assessments imposed by a State, a public body having authority to assess and tax property, or a property owners' association, which, under the applicable law, constitute liens before they are due and payable, and so as not to include beneficial property restrictions enforceable by other lot owners or lessees in the subdivision under the specified conditions.

§ 1703. Prohibitions relating to sale or lease of lots in subdivisions; voidability of contracts or agreements

(a) It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails—

(1) to sell or lease any lot in any subdivision unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title and a printed property report, meeting the requirements of section 1707 of this title, is furnished to the purchaser in advance of the signing of any contract or agreement for sale or lease by the purchaser; and

(2) in selling or leasing, or offering to sell or lease, any lot in a subdivision—

(A) to employ any device, scheme, or artifice to defraud, or

(B) to obtain money or property by means of a material misrepresentation with respect to any information included in the statement of record or the property report or with respect to any other information pertinent to the lot or the subdivision and upon which the purchaser relies, or

(C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

(b) Any contract or agreement for the purchase or leasing of a lot in a subdivision covered by this chapter, where the property report has